# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMANUEL RIVERA,** | : | |
| | : | |
| Petitioner | : | CIVIL ACTION NO. 3:17-1616 |
| | : | |
| v | : | |
| | : | (JUDGE MANNION) |
| **TAMMY FERGUSON,** | : | |
| | : | |
| Respondent | | |

## MEMORANDUM

On September 11, 2017, Emmanuel Rivera, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1, petition). He attacks a conviction imposed by the Court of Common Pleas for York County, Pennsylvania. Id. Petitioner has also filed a motion to stay these proceedings. (Doc. 3). For the reasons discussed below, the Court will deny Petitioner's motion to stay and dismiss the petition without prejudice.

## I. Background

On July 31, 2013, after having been found guilty by jury trial, Rivera was sentenced to life imprisonment, with a consecutive four to eight year

sentence, on four separate crimes pending in two separate actions. (See Doc. 1). Defendant perfected an appeal on all cases. See Commonwealth of Pennsylvania v. Rivera, 1774 MDA 2013. On December 2, 2014, the Pennsylvania Superior Court affirmed Rivera's conviction and sentence. Id.

On January 26, 2015, Petitioner filed a Post-Conviction Relief Act ("PCRA") petition, arguing that his trial counsel was ineffective for failing to file a petition for allowance to the Pennsylvania Supreme Court. (Doc. 1 at 3). On August 25, 2015, Rivera's appellate rights were reinstated. Id. Counsel, once again failed to file a an appeal to the Supreme Court and Petitioner's appellate rights were waived. Id.

On October 14, 2015, Petitioner filed a second PCRA petition, arguing that his counsel rendered ineffective assistance for failing to petition for allowance of appeal with the Pennsylvania Supreme Court. Id. On February 4, 2016, Rivera's appellate rights were reinstated. Id.

On March 8, 2016, Rivera filed a petition for allowance of appeal to the Pennsylvania Supreme Court. See 1774 MDA 2013.

On July 6, 2016, the Pennsylvania Supreme Court denied Rivera's petition for allowance of appeal. Id.

On June 29, 2017, Rivera filed a PCRA petition with the trial court. See

Commonwealth of Pennsylvania v. Rivera, CP-67-CR-0006999-2012. Rivera's PCRA petition is currently pending. Id.

On September 11, 2017, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1).

## II. Discussion

A 2254 petitioner must have exhausted his state-court remedies before a federal court can grant relief. See Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012). ("Title 28 U.S.C. §2254 requires that a habeas petitioner exhaust the remedies available in the state courts before a federal court can exercise habeas corpus jurisdiction over his claim."). Generally, if state-court remedies have not been exhausted, the district court must dismiss the petition. Roman v. DiGuglielmo, 675 F.3d 2014, 209 (3d Cir. 2012).

Rivera recognizes that he has not exhausted his state-court remedies, and he realizes the significance of the fact that his PCRA petition is still pending in state court. He, nonetheless, "due to the procedural chaos, filed this instant petition before the expiration of said date." (Doc. 1 at 19). He has thus protectively filed his 2254 petition, and asks the court to stay the petition until he exhausts his state court remedies with respect to his ending PCRA

petition.

This Court has the authority to stay a 2254 petition while the petitioner exhausts state-court remedies. " Heleva v. Brooks, 581 F.3d 187, 191 (3d Cir.2009). To obtain a stay, the petitioner must show " 'good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.' " Id. at 190 (quoting Rhines v. Weber, 544 U.S. 269, 278 (2005).

The Court will not grant the stay because Petitioner has failed to show good cause for his failure to exhaust before he filed his 2254 petition. Petitioner asserts that "due to the procedural chaos, [he] has filed this instant petition before the expiration of said date." (Doc. 1 at 19).

Good cause may be shown if the amount of time left in the limitations period creates the risk that a petitioner may not be able to file a timely 2254 petition after exhaustion of state-court remedies. Id. at 192 n.3; Gerber v. Varano, 512 F. App's 131 (3d Cir. 2013). However, here Petitioner has ample time to file a 2254 petition once the state court resolves his PCRA petition.

The one-year period for filing a 2254 petition begins to run from the date the petitioner's conviction becomes final, defined for our purposes in 28

U.S.C. §2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Thus, the one year limitations period began to run for Petitioner on October 4, 2016, because this was the date his conviction became final, after the expiration of the ninety day period he had to file a petition for writ of certiorari with the United States Supreme Court from the Pennsylvania Supreme Court's July 6, 2016 denial of Rivera's petition for allowance of appeal. The period stopped running on June 29, 2017, the date Petitioner filed his PCRA petition in the trial court. 28 U.S.C. §2244(d)(2) ("The time during which a properly filed application for State post-conviction relief ... with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The limitations period remains tolled while Petitioner's properly filed PCRA petition is pending in the state court and will only begin running again when he has fully exhausted his state court remedies with respect to his PCRA petition. This means that Petitioner still has approximately four months left to file a 2254 petition after he exhausts his PCRA court state remedies, sufficient time for filing his federal petition.

Consequently, this Court will deny Petitioner's motion for a stay, and

since the petition presents unexhausted claims, will dismiss the petition without prejudice to filing another one after Petitioner has exhausted his state-court remedies.

### III. Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is unexhausted.

### IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 7, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1616-01.wpd